**Motion to Withdraw Granted; Affirmed and Memorandum Opinion filed March 26, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00889-CR

**NOE GERARDO MORIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 1306502**

## M E M O R A N D U M   O P I N I O N

A jury found appellant guilty of murder. Appellant entered a plea of true to the enhancement paragraphs in the indictment, and the jury assessed punishment at life in prison. On September 26, 2013, the trial court sentenced appellant to confinement for life in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal.

Appellant's appointed counsel filed a brief in which she concludes the appeal is wholly frivolous and without merit.[1] The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). Counsel has complied with the *Anders* procedures set out in *Kelly v. State,* 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). A copy of the appellate record was provided to appellant, and appellant was advised of the deadline to file any pro se response to counsel's brief. Appellant was granted two extensions of time to file a responsive brief. When the second extension was granted, the court noted that no further extensions would be granted absent exceptional circumstances. As of this date, more than sixty days have passed since the extended deadline and no pro se response has been filed.

We have carefully reviewed the record and counsel's brief and agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. We need not address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Accordingly, the judgment of the trial court is affirmed.

PER CURIAM

---

[1] Appellant's previous appointed counsel also filed an *Anders* brief, but new counsel was appointed after the trial court determined that the previous counsel had not complied with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

Panel consists of Justices Christopher, Donovan, and Wise.

Do Not Publish — Tex. R. App. P. 47.2(b).